IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:11-CV-1243-J-37mcR

MICHELLE RATLIFF,

Plaintiff,

v.

H & P CAPITAL, INC., and CONTINENTAL
FINANCE COMPANY, LLC (FIRST BANK
OF DELAWARE),

Defendants.

_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, MICHELLE RATLIFF, is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant, H & P CAPITAL, INC. (H & P), is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

6. H & P is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA.

7. Defendant, CONTINENTAL FINANCE COMPANY ("CFC") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

8. CFC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well as the FCCPA.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

10. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

11. H & P uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. CFC purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

13. CFC acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

14. CFC is thoroughly enmeshed in the debt collection business, and CFC is a significant participant in H & P's debt collection process.

15. In connection with collection of an alleged debt in default, Defendant H & P sent initial written communication dated September 3, 2011, to 951 Dividing Ridge Rd #R, Sanders, KY 41083. (See copy of letter dated September 3, 2011, attached hereto as Exhibit "A").

16. At all times relevant, 951 Dividing Ridge Rd #R, Sanders, KY 41083 belonged to Plaintiff's mother, Connie Patton.

17. Plaintiff's address is 921 Dividing Ridge Rd, Sanders, KY 41083.

18. In connection with collection of an alleged debt in default, Defendant H & P placed a telephone call to Connie Patton on October 5, 2011 at 10:30 A.M., and at such time, asked if Ms. Patton was the power of attorney for Plaintiff.

19. After Ms. Patton inquired as to who was calling, Defendant informed Ms. Patton that he was calling from HPC and it was not a sales call.

20. Defendant then informed Ms. Patton that Plaintiff should have received a letter sent to 951 Dividing Ridge Road Sanders, KY 41083.

21. Ms. Patton informed Defendant that was not Plaintiff's address, and that Plaintiff's correct address is 921 Dividing Ridge Road Sanders, KY 41083.

22. Ms. Patton informed Plaintiff of her telephone conversation with Defendant on October 5, 2011.

23. Later on October 5, 2011, Plaintiff returned Defendant's call and spoke with Defendant's agent and/or employee "Eric," which was Plaintiff's initial communication with

Defendant, and during said conversation Defendant failed to provide the disclosures required by 15 USC § 1692g(a) *et seq*.

24. During said conversation, Defendant told Plaintiff there was a formal complaint made against her for "profit by deceit," which Defendant said with the intent to abuse Plaintiff.

25. Defendant further falsely implied that Plaintiff had committed a crime, specifically, "profit by deceit", in order to disgrace the Plaintiff.

26. Defendant then threatened to have a judgment entered against Plaintiff unless she resolved the matter, and alleged debt of $1,049.41, voluntarily.

27. Said statements of October 5, 2011 would lead a least sophisticated consumer to believe that payment pursuant to Defendant's terms was necessary to avoid further action, including but not limited to, immediate litigation, and as such, Defendant's communication overshadowed, and was inconsistent with, the disclosures required by 15 USC § 1692g(a) *et seq*. during the thirty-day dispute period.

28. To date no written correspondence has been received at Plaintiff's proper address, specifically 921 Dividing Ridge Road Sanders, KY 41083, and therefore, Defendant has failed to properly provided the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq*. five days after Defendant's initial telephonic communication on October 5, 2011.

29. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I
## VIOLATION OF 15 U.S.C. §1692d(2)
## AGAINST DEFENDANT H & P

30. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 29.

31. Defendant, H & P, violated 15 U.S.C. § 1692d(2) by using language, the natural consequence of which was to abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. §1692d(7)
## AGAINST DEFENDANT H & P

32. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 29.

33. Defendant, H & P, violated 15 U.S.C. § 1692d(7) by falsely representing or implying that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(7);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. §1692e(10)
## AGAINST DEFENDANT H & P

34. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 29.

35. Defendant, H & P, violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. §1692g(a)
## AGAINST DEFENDANT H & P

36. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 29.

37. Defendant, H & P, violated 15 U.S.C. § 1692g(a) when Defendant made initial contact with Plaintiff via telephone call on October 5, 2011, and at such time, failed to provide Plaintiff with the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq.*, and further failed to provide Plaintiff with such disclosures within five (5) days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. §1692g(b)
## AGAINST DEFENDANT H & P

38. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 29.

39. Defendant, H & P, violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required by 15 U.S.C. § 1692g(a) during the thirty-day dispute period, and by making

representations to Plaintiff during the 30-day dispute period that are inconsistent with the disclosures required by 15 USC § 1692g(a).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATIONS OF THE SECTION 559.72(7) OF THE FCCPA AGAINST H & P

36. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-29 of this complaint.

37. Defendant violated §559.72(7) of the Florida Consumer Collection Practices Act by willfully communicating with a debtor, or any member of her or his family with such frequency as would reasonably be expected to harass the debtor or the debtor's family, or such other conduct reasonably expected to abuse or harass the debtor or any member of the debtor's family.

38. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MICHELLE RATLIFF, by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Statutory damages of $1,000.00;

d. Plaintiff's attorneys' fees and costs;

e. Any other relief deemed appropriate by this Honorable Court.

## COUNT VII
## VIOLATION OF 15 U.S.C. §1692d(2)
## AGAINST DEFENDANT CFC

39. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 29.

40. Defendant, CFC, violated 15 U.S.C. § 1692d(2) by using language, the natural consequence of which was to abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATION OF 15 U.S.C. §1692d(7)
## AGAINST DEFENDANT CFC

41. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 29.

42. Defendant, CFC, violated 15 U.S.C. § 1692d(7) by falsely representing or implying that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692d(7);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.


## COUNT IX
## VIOLATION OF 15 U.S.C. §1692e(10)
## AGAINST DEFENDANT CFC

43. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 29.

44. Defendant, CFC, violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT X
## VIOLATION OF 15 U.S.C. §1692g(a)
## AGAINST DEFENDANT CFC

45. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 29.

46. Defendant, CFC, violated 15 U.S.C. § 1692g(a) when Defendant made initial contact with Plaintiff via telephone call on October 5, 2011, and at such time, failed to provide Plaintiff with the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq.*, and further failed to provide Plaintiff with such disclosures within five (5) days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XI
## VIOLATION OF 15 U.S.C. §1692g(b)
## AGAINST DEFENDANT CFC

47. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 29.

48. Defendant, CFC, violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required by 15 U.S.C. § 1692g(a) during the thirty-day dispute period, and by making representations to Plaintiff during the 30-day dispute period that are inconsistent with the disclosures required by 15 USC § 1692g(a).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XII
## VIOLATIONS OF THE SECTION 559.72(7) OF THE FCCPA
## AGAINST CFC

36. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-29 of this complaint.

37. Defendant violated §559.72(7) of the Florida Consumer Collection Practices Act by willfully communicating with a debtor, or any member of her or his family with such frequency as would reasonably be expected to harass the debtor or the debtor's family, or such other conduct reasonably expected to abuse or harass the debtor or any member of the debtor's family.

38. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MICHELLE RATLIFF, by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Statutory damages of $1,000.00;

d. Plaintiff's attorneys' fees and costs;

e. Any other relief deemed appropriate by this Honorable Court.

### TRIAL BY JURY

52. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 15th day of December, 2011.

Respectfully submitted,
**MICHELLE RATLIFF**

By: /s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com

**Exhibit "A"**

H & P Capital, Inc.  
7960 Baymeadows Way  
Bldg 6 Ste 300  
Jacksonville, FL 32256

Phone (877) 442-1601  
Fax (904) 418-5051

Michelle Ratliff,  
951 Dividing Ridge Rd # R  
Sanders, KY 410839645

09/03/2011

In Re:

    Complaint No: 1896625  
    Creditor: Continental Finance-First Bank of Delaware  
    Amount of Debt: $1,029.41

Dear Michelle Ratliff

    Our client has recently acquired your Continental Finance-First Bank of Delaware account. All communication should be directed to H&P Capital Inc. who will be servicing your account. This communication is regarding your delinquent loan payments and according to a review of my client's records you have a past due balance of $1,029.41. If you would like to amicably resolve this matter please remit the sum of $1,029.41 plus a one time $20.00 administrative fee. The Method of Payments that H&P Capital Inc. accepts is Western Union, major credit card or Money Gram. Please call our toll free number for assistance in paying via Western Union, Money Gram or credit card. If we do not receive your payment or your dispute letter as described in the attached notice we will assume that you do not intend to pay off this delinquent account and we will recommend that our client take appropriate steps to collect this account. These steps may include reporting your delinquency to the credit reporting bureaus and could possibly include the filing of a lawsuit against you in your local court. Please take a moment to review your records to verify that you haven't made payment on this account and then take immediate action to bring your account current.

Sincerely,

Graves, J

NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT  
15 U.S.C. SECTIONS 1602(g) AS AMENDED  
    This communication is from a debt collector for the purpose of attempting to collect a debt and any information obtained from the debtor will be used for that purpose. We will assume that the debt described in this letter is valid unless you dispute the validity of this debt, or any portion thereof, within 30 days of receipt of this notice. If you notify this office in writing within 30 days from receiving this notice that the debt or any portion thereof is disputed, this office will obtain verification of the debt and mail you a copy of such verification. If the creditor named herein is not the original creditor, and if you make a written request to this office within 30 days of receipt of the notice, the name and address of the original creditor will be mailed to you. Written requests should be addressed to the FAIR DEBT COLLECTION CLERK OF H&P Capital Inc. 7960 Baymeadows Way, Bldg 6 Ste 300, Jacksonville, FL 32256.