IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHELLE RATLIFF,                          §
                                           §
        Plaintiff,                         §
                                           §      CIVIL ACTION NO.
vs.                                        §
                                           §      3:11-cv-1243-J-37MCR
H & P CAPITAL, INC, and                    §
CONTINENTAL FINANCE COMPANY                §
LLC (FIRST BANK OF DELAWARE)               §
                                           §
        Defendant.                         §

## H & P CAPITAL, INC.'S ANSWER

H & P Capital, Inc., ("H & P"), for its Answer to the Complaint of Michelle Ratliff
("Plaintiff"), states as follows:

1.      H & P admits that Plaintiff has brought this action alleging violations of the Fair
Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq., but denies that it violated
any provisions of the FDCPA or that Plaintiff is entitled to any of the relief requested.

2.      H & P admits this Court has federal question subject matter jurisdiction over this
matter, but denies Plaintiff has any claim under such statutes.

3.      H & P admits that it conducts business in Middle District of Florida and that
venue is proper before this Court.

4.      H & P is without sufficient information or knowledge to admit or deny the
allegations of paragraph 4 of Plaintiff's Complaint and therefore denies the same.

5.      H & P admits that it is a corporation which uses the mails and telephone in the
business of attempting to collect debts in general.   Otherwise, H & P is without sufficient

information or knowledge to admit or deny the allegations of paragraph 5 of Plaintiff's Complaint and therefore denies the same.

6.      H & P admits the allegations in paragraph 6 of Plaintiff's Complaint.

7.      H & P is without sufficient information or knowledge to admit or deny the allegations of paragraph 7 of Plaintiff's Complaint and therefore denies the same.

8.      H & P is without sufficient information or knowledge to admit or deny the allegations of paragraph 8 of Plaintiff's Complaint and therefore denies the same.

9.      H & P admits the allegations in paragraph 9 of Plaintiff's Complaint.

10.     H & P is without sufficient information or knowledge to admit or deny the allegations of paragraph 10 of Plaintiff's Complaint and therefore denies the same.

11.     H & P admits the allegations in paragraph 11 of Plaintiff's Complaint.

12.     H & P is without sufficient information or knowledge to admit or deny the allegations of paragraph 12 of Plaintiff's Complaint and therefore denies the same.

13.     H & P is without sufficient information or knowledge to admit or deny the allegations of paragraph 13 of Plaintiff's Complaint and therefore denies the same.

14.     H & P is without sufficient information or knowledge to admit or deny the allegations of paragraph 14 of Plaintiff's Complaint and therefore denies the same.

15.     H & P admits the allegations in paragraph 15 of Plaintiff's Complaint.

16.     H & P is without sufficient information or knowledge to admit or deny the allegations of paragraph 16 of Plaintiff's Complaint and therefore denies the same.

17.     H & P is without sufficient information or knowledge to admit or deny the allegations of paragraph 17 of Plaintiff's Complaint and therefore denies the same.

18.     H & P admits placing a call to attempt to speak with Plaintiff and that Plaintiff spoke to an individual who answered H & P's call but otherwise, H & P is without sufficient information or knowledge to admit or deny the allegations of paragraph 18 of Plaintiff's Complaint and therefore denies the same.

19.     H & P is without sufficient information or knowledge to admit or deny the allegations of paragraph 19 of Plaintiff's Complaint and therefore denies the same.

20.     H & P is without sufficient information or knowledge to admit or deny the allegations of paragraph 20 of Plaintiff's Complaint and therefore denies the same.

21.     H & P denies the allegations in paragraph 21 of Plaintiff's Complaint.

22.     H & P is without sufficient information or knowledge to admit or deny the allegations of paragraph 22 of Plaintiff's Complaint and therefore denies the same.

23.     H & P is without sufficient information or knowledge to admit or deny the allegations of paragraph 23 of Plaintiff's Complaint and therefore denies the same.

24.     H & P denies the allegations in paragraph 24 of Plaintiff's Complaint.

25.     H & P denies the allegations in paragraph 25 of Plaintiff's Complaint.

26.     H & P denies the allegations in paragraph 26 of Plaintiff's Complaint.

27.     H & P denies the allegations in paragraph 27 of Plaintiff's Complaint.

28.     H & P is without sufficient information or knowledge to admit or deny the allegations of paragraph 28 of Plaintiff's Complaint and therefore denies the same.

29.     H & P denies the allegations in paragraph 29 of Plaintiff's Complaint.

30.     H & P incorporates by reference its responses to paragraphs 1 through 29 as set forth above.

31.     H & P denies the allegations in paragraph 31 of Plaintiff's Complaint.

32.     H & P incorporates by reference its responses to paragraphs 1 through 31 as set forth above.

33.     H & P denies the allegations in paragraph 33 of Plaintiff's Complaint.

34.     H & P incorporates by reference its responses to paragraphs 1 through 33 as set forth above.

35.     H & P denies the allegations in paragraph 35 of Plaintiff's Complaint.

36.     H & P incorporates by reference its responses to paragraphs 1 through 35 as set forth above.

37.     H & P denies the allegations in paragraph 37 of Plaintiff's Complaint.

38.     H & P incorporates by reference its responses to paragraphs 1 through 37 as set forth above.

39.     H & P denies the allegations in paragraph 39 of Plaintiff's Complaint.

[To the Court] Plaintiff's Complaint returns to number 36 by clerical error and the remaining answers are in reply to the repeated sequence as numbered.

36.     H & P incorporates by reference its responses to paragraphs 1 through 35 as set forth above.

37.     H & P denies the allegations in paragraph 37 of Plaintiff's Complaint.

38.     H & P denies the allegations in paragraph 38 of Plaintiff's Complaint.

39.     H & P incorporates by reference it's responses to paragraphs 1 through 38 as set forth above.

40.     H & P denies the allegations in paragraph 40 of Plaintiff's Complaint.

41.     H & P incorporates by reference its responses to paragraphs 1 through 40 as set forth above.

42.     H & P denies the allegations in paragraph 42 of Plaintiff's Complaint.

43.     H & P incorporates by reference it's responses to paragraphs 1 through 42 as set forth above.

44.     H & P denies the allegations in paragraph 44 of Plaintiff's Complaint.

45.     H & P incorporates by reference it's responses to paragraphs 1 through 44 as set forth above.

46.     H & P denies the allegations in paragraph 46 of Plaintiff's Complaint.

47.     H & P incorporates by reference it's responses to paragraphs 1 through 46 as set forth above.

48.     H & P denies the allegations in paragraph 48 of Plaintiff's Complaint.

[To the Court] Plaintiff's Complaint returns to number 36 by clerical error and the remaining answers are in reply to the repeated sequence as numbered.

36.     H & P incorporates by reference its responses to paragraphs 1 through 35 as set forth above.

37.     H & P denies the allegations in paragraph 37 of Plaintiff's Complaint.

38.     H & P denies the allegations in paragraph 38 of Plaintiff's Complaint.

52.     H & P admits to the extent Plaintiff's claims are not dismissed prior to trial, Plaintiff may be entitled to a trial by jury.

53.     Any allegation not admitted is denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Any act or omission by H & P, if determined to be in violation of the FDCPA, was not intentional and was the result of a *bona fide* error. Accordingly, Defendant has no liability pursuant to 15 U.S.C. §1692k(c).

### SECOND AFFIRMATIVE DEFENSE

Any violation of law or damage suffered by Plaintiff, which H & P denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability or claim of damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages as a result of and acts or omissions of H & P.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed, in whole or in part, to mitigate her damages despite having the means to do so.

### FIFTH AFFIRMATIVE DEFENSE

H & P alleges Plaintiff's claims are, or may be, barred because the claimed injuries and damages were not proximately caused by any acts or omissions of H & P.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred or diminished by H & P's right to setoff and or recoupment arising from defaults, deficiencies or otherwise.

## SEVENTH AFFIMATIVE DEFENSE

H & P is not liable for any actions of its agents or employees committed outside the line and scope of their employment.

## EIGHTH AFFIRMATIVE DEFENSE

H & P did not breach any legal duty to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

H & P reserves the right to allege and assert additional and/or further defenses as are discovered and disclose to Defendant during the course of this litigation.

WHEREFORE, H & P prays judgment of this Court as follows:

(a)     Dismissing all causes of action against H & P with prejudice on the merits;

(b)     Entering judgment in H & P's favor;

(c)     Denying the relief requested by Plaintiff;

(d)     taxing all costs to Plaintiff; and

(e)     Awarding such other and further relief as the Court deems just and equitable.

Respectfully submitted,

s/William S. Frazier
William S. Frazier, Esq.
Marks & Frazier, LLC
1919-8 Blanding Blvd.
Jacksonville, FL 32210
(904) 384-1441

Steven R. Dunn
5420 LBJ Freeway, Suite 577
Dallas, Texas 75240
(214) 692.5533 (telephone)
(214) 692.5534 (telecopier)
*pro hac vice application to be filed*

**ATTORNEYS FOR DEFENDANT
H & P CAPITAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following persons:

Alex D. Weisberg
5722 South Flamingo Road,
Suite 656
Cooper City, Florida 33330

/s/Steven R. Dunn_____
Steven R. Dunn