# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

CASE NO. 3:11-cv-1243-RDB-MCR

MICHELLE RATLIFF,

      Plaintiff,

v.

H & P CAPITAL, INC., CONTINENTAL
FINANCE COMPANY, LLC (FIRST BANK
OF DELAWARE), and MLA HOLDINGS, INC

      Defendants.

_____/

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

    Plaintiff, Michelle Ratliff ("Plaintiff"), by and through her attorneys, Weisberg &
Meyers, LLC, hereby moves this Honorable Court to enter an Order granting leave for
Plaintiff to file her Amended Complaint.  In support thereof, Plaintiff states as follows:

## I.      INTRODUCTION.

    Plaintiff respectfully requests leave to file an Amended Complaint in order to join
a newly-discovered defendant in this case.  Pretrial discovery has led to new information
not previously available to Plaintiff, which potentially subjects a new party to liability for
the same conduct, and under the same set of facts detailed in Plaintiff's original
Complaint. The date to amend pleadings noted in this Court's Scheduling Order has
passed, but this Court is not bound by such Order; instead, it has the  power to modify the
Order for good cause.  Plaintiff has demonstrated good cause by acting diligently, and by
acting expeditiously to seek leave to amend, once Defendant, H & P Capital's ("H & P")
discovery responses made her aware of the new defendant.  Plaintiff's request is not the

result of undue delay or of bad faith, and if granted will not serve to unduly prejudice any defendant.

## II.        STATEMENT OF PROCEDURE.

1.       On December 15, 2011, Plaintiff filed her original Complaint against Defendant, alleging violations of the federal Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C § 1692, *et seq.*, and the Florida Consumer Collection Practices Act, Florida Statute § 559.55, *et seq.* ("FCCPA").  (Document 1).

2.       Since the filing of her Complaint, Plaintiff has obtained new information, which establishes that MLA Holdings, Inc. ("MLA") purchased the subject debt from the original creditor, made attempts to collect the debt, and/or authorized the collection attempts made by Defendant, H & P Capital, Inc. ("H & P"), thus subjecting MLA to potential liability under the FDCPA and/or the FCCPA.  Specifically, in response to Plaintiff's Interrogatory No. 11, H & P stated that Plaintiff's alleged debt is owned by MLA.  (*See* H & P's Responses to Plaintiff's Interrogatories, attached hereto as Exhibit "A," No. 11).

3.       H & P provided its discovery responses, including Responses to Plaintiff's Interrogatories, on or about May 10, 2012 (*See* Exhibit "A").  Prior to this date, Plaintiff had no knowledge of MLA's involvement in the transactions and occurrences described in Plaintiff's Complaint.  (Document 1).

4.       Accordingly, Plaintiff now seeks to amend her Complaint to join MLA as an additional party defendant in this action. (*See* Plaintiff's proposed Amended Complaint, attached hereto as Exhibit "B").

### III.    THIS COURT HAS INHERENT POWER TO MODIFY ITS SCHEDULING ORDER.

The United States Supreme Court has remarked upon "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262 (11th Cir. 2000).   Indeed, it is well established that a district court has broad discretion in managing its cases.  *See Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F. 3d 1234, 1269 (11th Cir. 2001) ("We accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling.").

### IV.    A SCHEDULING ORDER MAY BE MODIFIED FOR GOOD CAUSE AND WITH THE JUDGES CONSENT.

This Court's Case Management and Scheduling Order provides a date of June 4, 2012, for filing Motions to add parties or amend pleadings. (Case Management Report and Scheduling Order, Document 16, p.1).   However, according to Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified "for good cause and with the judge's consent."   To determine whether there is good cause to permit an extension of a deadline in its scheduling order, a district court will primarily:  (1) look to the diligence of the party seeking the extension, (2) consider the explanation for the need for the extension; and (3) consider the potential prejudice to the nonmoving party in allowing the extension.  Fed. R. Civ. P. 16, advisory committee note of 1983; *see Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009); *Missing Link, Inc. v. eBay, Inc.*, 2010 WL 94268, at *2 (N.D. Cal. Jan. 6, 2010); *Johnson v. Mammoth Recreations, Inc.*, 975 F. 2d 604, 604 (9th Cir.1992); *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir.2007) ("the primary consideration is

3

whether the moving party can demonstrate diligence.  It is not, however, the only consideration. The district court . . . also may consider other relevant factors including, in particular, whether allowing the [motion] at this stage of the litigation will prejudice defendants").  The movant need only show that "despite his diligence, he could not have reasonably met the scheduling deadline." *See* 6A C. Wright & A. Miller, Federal Practice and Procedure § 1522.1, at 231 (2d ed.1990).

In this case, Plaintiff has exhibited the requisite diligence in seeking leave to amend the complaint and has not unduly delayed the action, thereby prejudicing the Defendant in any way. Based on Defendants' Responses to Plaintiff's Interrogatories (*see* Exhibit "A"), and on Plaintiff's ongoing investigation into the facts of this case, Plaintiff wishes to amend her operative Complaint.

The allegations included in Plaintiff's Amended Complaint:  (1) seek to add an additional debt collector, MLA, as a party to this action, and (2) assert claims that arise from the same set of operative facts as those previously set forth.  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Forman v. Davis*, 371 U.S. 178, 179 (1962).  MLA is extensively involved in the collection of Plaintiff's debt and with regard to the debt at issue, as H & P's debt collection practices were undertaken on behalf of and under the authorization of MLA.  In fact, H & P maintains that the debt is "owned by MLA Holdings, Inc." and that the debt was "assigned" by MLA to H & P simply for collection purposes in September, 2011.  (*See* Exhibit "A").

The above-referenced new information obtained through discovery establishes that MLA purchased the subject debt from the original creditor and made attempts to collect the debt and/or authorized the collection attempts made by Defendant, H & P, thus subjecting MLA to potential liability under the FDCPA and/or FCCPA. *See* Exhibit "A";

see *Balthazor   v. Security Credit Servs, LLC*, No. 11–60867, 2012 WL 171097, at *3 (M.D. Fla. Jan. 20, 2012) (holding that a debt buyer was a debt collector for the purposes of the FDCPA); *see also Bradshaw v. Hilco Receivables, LLC*, 765 F.Supp 2d 719 (D.Md. 2011).  Plaintiff should be permitted to bring claims against all parties that were involved in or authorized the collection activities that give rise to this action.

As noted above, the Scheduling Order set a date of June 4, 2012 to amend pleadings in this matter.  (*See* Doc. 16).  The responses to Plaintiff's Interrogatories were not available, however, until May 15, 2012.  (*See* Exhibit "A").  Therefore, Plaintiff was not aware of MLA's above-discussed potential liability prior to H & P's service of said discovery responses.  Plaintiff has therefore acted expeditiously and diligently in seeking leave to amend her complaint.  Plaintiff's request for leave to file her Amended Complaint is not the result of undue delay or bad faith, and if granted will not serve to unduly prejudice any defendant.  In light of the standard governing modification of scheduling orders pursuant to Fed. R. Civ. P. 16(b)(4), this Court should exercise its inherent power to permit Plaintiff to amend her operative complaint to add MLA as a party defendant.  *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

WHEREFORE, Plaintiff hereby requests that this Court enter an order granting Plaintiff leave to file her Amended Complaint.

Respectfully submitted,
**MICHELLE RATLIFF**

By: s/ Alex Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Road, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT this Notice was filed on this 11th day of June 2012, by means of the CM/ECF system which will send notice of electronic filing to the following: Mr. Steve Dunn, sdunnfirm@aol.com; Mr. William S. Frazier, bill_frazier@bellsouth.net; and Mr. Dale Golden, dale.golden@goldenscaz.com.

By: s/ Alex Weisberg
ALEX D. WEISBERG

## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY THAT my office has conferred in good faith with Counsel for Defendant, Continental Finance Company, LLC, regarding the issues raised in this Motion, and that Defendant, Continental Finance Company, LLC does not oppose the relief sought herein. I further certify that my office has made repeated efforts to confer in good faith with Counsel for Defendant, H & P Capital, Inc., but has not been favored with a response.

By: s/ Alex Weisberg
ALEX D. WEISBERG

6