**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CASE NO. 3:11-cv-1243-J-37MCR

MICHELLE RATLIFF,

    Plaintiff,

v.

H & P CAPITAL, INC., CONTINENTAL
FINANCE COMPANY, LLC (FIRST BANK
OF DELAWARE), and MLA HOLDINGS, INC.,

    Defendants.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55, *et seq*. (hereinafter the "FCCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this District, where Plaintiff resides in this District, and/or where Defendant transacts business in this District.

### PARTIES

4. Plaintiff, MICHELLE RATLIFF, is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant, H & P CAPITAL, INC. ("H & P"), is a corporation that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5), as well as the FCCPA.

6. H & P is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as well the FCCPA.

7. Defendant, CONTINENTAL FINANCE COMPANY ("CFC") is an entity that acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

8. CFC is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as well as the FCCPA.

9. Defendant, MLA HOLDINGS, INC. ("MLA") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

10. MLA is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well as the FCCPA.

## FACTUAL ALLEGATIONS

11. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

12. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

13. H & P uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14. CFC purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

15. CFC acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

16. CFC is thoroughly enmeshed in the debt collection business, and CFC is a significant participant in H & P's debt collection process.

17. MLA purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

18. MLA acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

19. MLA is thoroughly enmeshed in the debt collection business, and MLA is a significant participant in H & P's debt collection process.

20. In connection with collection of an alleged debt in default, Defendant H & P, itself and on behalf of CFC and MLA, sent initial written communication dated September 3, 2011, to 951 Dividing Ridge Rd #R, Sanders, KY 41083. (See copy of letter dated September 3, 2011, attached hereto as Exhibit "A").

21. At all times relevant, 951 Dividing Ridge Rd #R, Sanders, KY 41083 belonged to Plaintiff's mother, Connie Patton.

22. Plaintiff's address is 921 Dividing Ridge Rd, Sanders, KY 41083.

23. In connection with collection of an alleged debt in default, Defendant H & P, itself and on behalf of CFC and MLA, placed a telephone call to Connie Patton on October 5, 2011 at 10:30 A.M., and at such time, asked if Ms. Patton was the power of attorney for Plaintiff.

24. After Ms. Patton inquired as to who was calling, Defendant informed Ms. Patton that he was calling from H & P, and it was not a sales call.

25. Defendant then informed Ms. Patton that Plaintiff should have received a letter sent to 951 Dividing Ridge Road Sanders, KY 41083.

26. Ms. Patton informed Defendant that was not Plaintiff's address, and that Plaintiff's correct address is 921 Dividing Ridge Road Sanders, KY 41083.

27. Ms. Patton informed Plaintiff of her telephone conversation with Defendant on October 5, 2011.

28. Later on October 5, 2011, Plaintiff returned Defendant's call and spoke with Defendant's agent and/or employee "Eric," which was Plaintiff's initial communication with Defendant, and during said conversation Defendant failed to provide the disclosures required by 15 USC § 1692g(a) *et seq*.

29. During said conversation, Defendant told Plaintiff there was a formal complaint made against her for "profit by deceit," which Defendant said with the intent to abuse Plaintiff.

30. Defendant further falsely implied that Plaintiff had committed a crime, specifically, "profit by deceit," in order to disgrace the Plaintiff.

31. Defendant then threatened to have a judgment entered against Plaintiff unless she resolved the matter, and alleged debt of $1,049.41, voluntarily.

32. Said statements of October 5, 2011 would lead a least sophisticated consumer to believe that payment pursuant to Defendant's terms was necessary to avoid further action,

including but not limited to, immediate litigation, and as such, Defendant's communication overshadowed, and was inconsistent with, the disclosures required by 15 USC § 1692g(a) *et seq.* during the thirty-day dispute period.

33. To date, no written correspondence has been received at Plaintiff's proper address, specifically 921 Dividing Ridge Road Sanders, KY 41083, and therefore, Defendant has failed to properly provided the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq.* five days after Defendant's initial telephonic communication on October 5, 2011.

34. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I
## VIOLATION OF 15 U.S.C. §1692d(2)
## AGAINST DEFENDANT H & P

35. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 34.

36. Defendant, H & P, violated 15 U.S.C. § 1692d(2) by using language, the natural consequence of which was to abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. §1692d(7)
## AGAINST DEFENDANT H & P

37.  Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 34.

38.  Defendant, H & P, violated 15 U.S.C. § 1692d(7) by falsely representing or implying that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(7);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. §1692e(10)
## AGAINST DEFENDANT H & P

39.  Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 34.

40. Defendant, H & P, violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV
### VIOLATION OF 15 U.S.C. §1692g(a)
### AGAINST DEFENDANT H & P

41. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 34.

42. Defendant, H & P, violated 15 U.S.C. § 1692g(a) when Defendant made initial contact with Plaintiff via telephone call on October 5, 2011, and at such time, failed to provide Plaintiff with the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq.*, and further failed to provide Plaintiff with such disclosures within five (5) days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. §1692g(b)
## AGAINST DEFENDANT H & P

43. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 34.

44. Defendant, H & P, violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required by 15 U.S.C. § 1692g(a) during the thirty-day dispute period, and by making representations to Plaintiff during the 30-day dispute period that are inconsistent with the disclosures required by 15 USC § 1692g(a).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT VI**
**VIOLATIONS OF THE SECTION 559.72(7) OF THE FCCPA**
**AGAINST H & P**

45.     Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-34 of this complaint.

46.     Defendant violated §559.72(7) of the Florida Consumer Collection Practices Act by willfully communicating with a debtor, or any member of her or his family with such frequency as would reasonably be expected to harass the debtor or the debtor's family, or such other conduct reasonably expected to abuse or harass the debtor or any member of the debtor's family.

47.     As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MICHELLE RATLIFF, by and through her attorneys, respectfully prays for judgment as follows:

    a) All actual compensatory damages suffered;

    b) Emotional and/or mental anguish damages;

    c) Statutory damages of $1,000.00;

    d) Plaintiff's attorneys' fees and costs;

    e) Any other relief deemed appropriate by this Honorable Court.

**COUNT VII**
**VIOLATION OF 15 U.S.C. §1692d(2)**
**AGAINST DEFENDANT CFC**

48.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 34.

49. Defendant, CFC, violated 15 U.S.C. § 1692d(2) by using language, the natural consequence of which was to abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT VIII
### VIOLATION OF 15 U.S.C. §1692d(7)
### AGAINST DEFENDANT CFC

50. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 34.

51. Defendant, CFC, violated 15 U.S.C. § 1692d(7) by falsely representing or implying that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(7);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IX
### VIOLATION OF 15 U.S.C. §1692e(10)
### AGAINST DEFENDANT CFC

52. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 34.

53. Defendant, CFC, violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT X
### VIOLATION OF 15 U.S.C. §1692g(a)
### AGAINST DEFENDANT CFC

54. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 34.

55. Defendant, CFC, violated 15 U.S.C. § 1692g(a) when Defendant made initial contact with Plaintiff via telephone call on October 5, 2011, and at such time, failed to provide Plaintiff with the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq.*, and further failed to provide Plaintiff with such disclosures within five (5) days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XI
## VIOLATION OF 15 U.S.C. §1692g(b)
## AGAINST DEFENDANT CFC

56. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 34.

57. Defendant, CFC, violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required by 15 U.S.C. § 1692g(a) during the thirty-day dispute period, and by making representations to Plaintiff during the 30-day dispute period that are inconsistent with the disclosures required by 15 USC § 1692g(a).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XII
## VIOLATIONS OF THE SECTION 559.72(7) OF THE FCCPA
## AGAINST CFC

58. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-34 of this complaint.

59. Defendant violated §559.72(7) of the Florida Consumer Collection Practices Act by willfully communicating with a debtor, or any member of her or his family with such frequency as would reasonably be expected to harass the debtor or the debtor's family, or such other conduct reasonably expected to abuse or harass the debtor or any member of the debtor's family.

60. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MICHELLE RATLIFF, by and through her attorneys, respectfully prays for judgment as follows:

a) All actual compensatory damages suffered;

b) Emotional and/or mental anguish damages;

c) Statutory damages of $1,000.00;

d) Plaintiff's attorneys' fees and costs;

e) Any other relief deemed appropriate by this Honorable Court.

### COUNT XIII
### VIOLATION OF 15 U.S.C. §1692d(2)
### AGAINST DEFENDANT MLA

61. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 34.

62. Defendant, MLA, violated 15 U.S.C. § 1692d(2) by using language, the natural consequence of which was to abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT XIV
### VIOLATION OF 15 U.S.C. §1692d(7)
### AGAINST DEFENDANT MLA

63. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 34.

64. Defendant, MLA, violated 15 U.S.C. § 1692d(7) by falsely representing or implying that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(7);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT XV
### VIOLATION OF 15 U.S.C. §1692e(10)
### AGAINST DEFENDANT MLA

65. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 34.

66. Defendant, MLA, violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT XVI
### VIOLATION OF 15 U.S.C. §1692g(a)
### AGAINST DEFENDANT MLA

67.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 34.

68.    Defendant, MLA, violated 15 U.S.C. § 1692g(a) when Defendant made initial contact with Plaintiff via telephone call on October 5, 2011, and at such time, failed to provide Plaintiff with the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq.*, and further failed to provide Plaintiff with such disclosures within five (5) days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT XVII
### VIOLATION OF 15 U.S.C. §1692g(b)
### AGAINST DEFENDANT MLA

69.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 34.

70. Defendant, MLA, violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required by 15 U.S.C. § 1692g(a) during the thirty-day dispute period, and by making representations to Plaintiff during the 30-day dispute period that are inconsistent with the disclosures required by 15 USC § 1692g(a).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT XVIII
### VIOLATIONS OF THE SECTION 559.72(7) OF THE FCCPA
### AGAINST MLA

71. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-34 of this complaint.

72. Defendant violated §559.72(7) of the Florida Consumer Collection Practices Act by willfully communicating with a debtor, or any member of her or his family with such frequency as would reasonably be expected to harass the debtor or the debtor's family, or such other conduct reasonably expected to abuse or harass the debtor or any member of the debtor's family.

73. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MICHELLE RATLIFF, by and through her attorneys, respectfully prays for judgment as follows:

a) All actual compensatory damages suffered;

b) Emotional and/or mental anguish damages;

c) Statutory damages of $1,000.00;

d) Plaintiff's attorneys' fees and costs;

e) Any other relief deemed appropriate by this Honorable Court.

### TRIAL BY JURY

74. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 15th day of June, 2012.

>Respectfully submitted,
>**MICHELLE RATLIFF**
>
>By: /s/ Alex Weisberg_____
>ALEX D. WEISBERG
>FBN: 0566551
>WEISBERG & MEYERS, LLC
>ATTORNEYS FOR PLAINTIFF
>5722 S. Flamingo Rd, Ste. 656
>Cooper City, FL 33330
>(954) 212-2184
>(866) 577-0963 fax
>aweisberg@attorneysforconsumers.com