IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| MICHELLE RATLIFF, § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. |
| vs. § | |
| § | 3:11-cv-1243-J-37MCR |
| H & P CAPITAL, INC, and § | |
| CONTINENTAL FINANCE COMPANY § | |
| LLC (FIRST BANK OF DELAWARE), § | |
| And MLA HOLDINGS, INC., § | |
| § | |
| Defendant. § | |

DEFENDANT MLA'S ANSWER AND AFFIRMATIVE DEFENSES

MLA Holdings, Inc. ("Defendant"), files its Answer and Affirmative Defenses as follows:

1. Defendant admits the allegations contained in paragraph 1 of Plaintiff's Complaint stating that Plaintiff's case is based upon her assertion of causes of action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq.  However, Defendant denies any liability or wrongful conduct to the extent alleged in said paragraph and demands strict proof of same.  As such, Defendant denies the remaining allegations in paragraph 1 of Plaintiff's Complaint..

2. Defendant admits the allegations in paragraph 2 of Plaintiff's Complaint.

3. Defendant admits that venue is proper in this Court.  Otherwise, Defendant denies the remaining allegations in paragraph 3 of Plaintiff's Complaint. Complaint.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 4 of Plaintiff's Complaint and accordingly denies same.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 5 of Plaintiff's Complaint and accordingly denies same.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 6 of Plaintiff's Complaint and accordingly denies same.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 7 of Plaintiff's Complaint and accordingly denies same.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 6 of Plaintiff's Complaint and accordingly denies same.

9. Defendant admits that it is an entity which acquires debt in default. Otherwise, Defendant denies the remaining allegations in paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations in paragraph 10 of Plaintiff's Complaint..

11. Defendant admits that Plaintiff is a natural person who is allegedly obligated to pay a debt. Otherwise, Defendant denies the remaining allegations in paragraph 11 of Plaintiff's Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 12 of Plaintiff's Complaint and accordingly denies same.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 13 of Plaintiff's Complaint and accordingly denies same.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 14 of Plaintiff's Complaint and accordingly denies same.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 15 of Plaintiff's Complaint and accordingly denies same.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 16 of Plaintiff's Complaint and accordingly denies same.

17. Defendant admits the allegations in paragraph 17 of Plaintiff's Complaint.

18. Defendant admits the allegations in paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations in paragraph 19 of Plaintiff's Complaint.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 20 of Plaintiff's Complaint and accordingly denies same.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 21 of Plaintiff's Complaint and accordingly denies same.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 22 of Plaintiff's Complaint and accordingly denies same.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 23 of Plaintiff's Complaint and accordingly denies same.

24. To the extent the use of the term "Defendant" refers specifically to MLA, Defendant denies the allegations in this paragraph. To the extent the use of the term "Defendant" refers to other defendants in this matter, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 24 of Plaintiff's Complaint and accordingly denies same.

25. To the extent the use of the term "Defendant" refers specifically to MLA, Defendant denies the allegations in this paragraph. To the extent the use of the term "Defendant" refers to other defendants in this matter, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 25 of Plaintiff's Complaint and accordingly denies same.

26. To the extent the use of the term "Defendant" refers specifically to MLA, Defendant denies the allegations in this paragraph. To the extent the use of the term "Defendant" refers to other defendants in this matter, Defendant is without knowledge or

information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 26 of Plaintiff's Complaint and accordingly denies same.

27. To the extent the use of the term "Defendant" refers specifically to MLA, Defendant denies the allegations in this paragraph. To the extent the use of the term "Defendant" refers to other defendants in this matter, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 27 of Plaintiff's Complaint and accordingly denies same.

28. To the extent the use of the term "Defendant" refers specifically to MLA, Defendant denies the allegations in this paragraph. To the extent the use of the term "Defendant" refers to other defendants in this matter, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 28 of Plaintiff's Complaint and accordingly denies same.

29. To the extent the use of the term "Defendant" refers specifically to MLA, Defendant denies the allegations in this paragraph. To the extent the use of the term "Defendant" refers to other defendants in this matter, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 29 of Plaintiff's Complaint and accordingly denies same.

30. To the extent the use of the term "Defendant" refers specifically to MLA, Defendant denies the allegations in this paragraph. To the extent the use of the term "Defendant" refers to other defendants in this matter, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 30 of Plaintiff's Complaint and accordingly denies same.

31.     To the extent the use of the term "Defendant" refers specifically to MLA, Defendant denies the allegations in this paragraph. To the extent the use of the term "Defendant" refers to other defendants in this matter, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 31 of Plaintiff's Complaint and accordingly denies same.

32.     To the extent the use of the term "Defendant" refers specifically to MLA, Defendant denies the allegations in this paragraph. To the extent the use of the term "Defendant" refers to other defendants in this matter, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 32 of Plaintiff's Complaint and accordingly denies same.

33.     To the extent the use of the term "Defendant" refers specifically to MLA, Defendant denies the allegations in this paragraph. To the extent the use of the term "Defendant" refers to other defendants in this matter, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 33 of Plaintiff's Complaint and accordingly denies same.

34.     Defendant denies the allegations in paragraph 34 of Plaintiff's Complaint.

35.     Paragraph 35 is an incorporation paragraph. As such, Defendant incorporates herein its prior answer and responses herein as if set forth verbatim.

36.     Defendant denies the allegations in paragraph 36 of Plaintiff's Complaint.

37.     Paragraph 37 is an incorporation paragraph. As such, Defendant incorporates herein its prior answer and responses herein as if set forth verbatim.

38.     Defendant denies the allegations in paragraph 38 of Plaintiff's Complaint.

39. Paragraph 39 is an incorporation paragraph. As such, Defendant incorporates herein its prior answer and responses herein as if set forth verbatim.

40. Defendant denies the allegations in paragraph 40 of Plaintiff's Complaint.

41. Paragraph 41 is an incorporation paragraph. As such, Defendant incorporates herein its prior answer and responses herein as if set forth verbatim.

42. Defendant denies the allegations in paragraph 42 of Plaintiff's Complaint.

43. Paragraph 43 is an incorporation paragraph. As such, Defendant incorporates herein its prior answer and responses herein as if set forth verbatim.

44. Defendant denies the allegations in paragraph 44 of Plaintiff's Complaint.

45. Paragraph 45 is an incorporation paragraph. As such, Defendant incorporates herein its prior answer and responses herein as if set forth verbatim.

46. Defendant denies the allegations in paragraph 46 of Plaintiff's Complaint.

47. Defendant denies the allegations in paragraph 47 of Plaintiff's Complaint.

48. Paragraph 48 is an incorporation paragraph. As such, Defendant incorporates herein its prior answer and responses herein as if set forth verbatim.

49. Defendant denies the allegations in paragraph 49 of Plaintiff's Complaint.

50. Paragraph 50 is an incorporation paragraph. As such, Defendant incorporates herein its prior answer and responses herein as if set forth verbatim.

51. Defendant denies the allegations in paragraph 51 of Plaintiff's Complaint.

52. Paragraph 52 is an incorporation paragraph. As such, Defendant incorporates herein its prior answer and responses herein as if set forth verbatim.

53. Defendant denies the allegations in paragraph 53 of Plaintiff's Complaint.

54. Paragraph 54 is an incorporation paragraph. As such, Defendant incorporates herein its prior answer and responses herein as if set forth verbatim.

55. Defendant denies the allegations in paragraph 55 of Plaintiff's Complaint.

56. Paragraph 56 is an incorporation paragraph. As such, Defendant incorporates herein its prior answer and responses herein as if set forth verbatim.

57. Defendant denies the allegations in paragraph 57 of Plaintiff's Complaint.

58. Paragraph 58 is an incorporation paragraph. As such, Defendant incorporates herein its prior answer and responses herein as if set forth verbatim.

59. Defendant denies the allegations in paragraph 59 of Plaintiff's Complaint.

60. Defendant denies the allegations in paragraph 60 of Plaintiff's Complaint.

61. Paragraph 61 is an incorporation paragraph. As such, Defendant incorporates herein its prior answer and responses herein as if set forth verbatim.

62. Defendant had no verbal communication with Plaintiff. Defendant denies the allegations in paragraph 62 of Plaintiff's Complaint.

63. Paragraph 63 is an incorporation paragraph. As such, Defendant incorporates herein its prior answer and responses herein as if set forth verbatim.

64. Defendant denies the allegations in paragraph 64 of Plaintiff's Complaint.

65. Paragraph 65 is an incorporation paragraph. As such, Defendant incorporates herein its prior answer and responses herein as if set forth verbatim.

66. Defendant denies the allegations in paragraph 66 of Plaintiff's Complaint.

67. Paragraph 67 is an incorporation paragraph. As such, Defendant incorporates herein its prior answer and responses herein as if set forth verbatim.

68. Defendant denies the allegations in paragraph 68 of Plaintiff's Complaint.

69. Paragraph 69 is an incorporation paragraph. As such, Defendant incorporates herein its prior answer and responses herein as if set forth verbatim.

70. Defendant denies the allegations in paragraph 70 of Plaintiff's Complaint.

71. Paragraph 71 is an incorporation paragraph. As such, Defendant incorporates herein its prior answer and responses herein as if set forth verbatim.

72. Defendant denies the allegations in paragraph 72 of Plaintiff's Complaint.

73. Defendant denies the allegations in paragraph 73 of Plaintiff's Complaint.

74. To the extent that any of Plaintiff's causes of action may survive a motion to dismiss or motion for summary judgment, Defendant admits that Plaintiff may be entitled to a trial by jury.

75. Any allegations of Plaintiff's Complaint not specifically admitted herein are denied.

76. Defendant denies that Plaintiff is entitled to any relief set forth in her prayers for relief.

77. Pleading further, Defendant MLA states that Plaintiff's claims against it are groundless and brought in bad faith and for the purpose of harassment. As such, under the FDCPA, Defendant MLA is entitled to recover its costs and attorney's fees.

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff.

## **FIRST AFFIRMATIVE DEFENSE**

Defendant affirmatively pleads that to the extent a jury or this Court may find any violations of the Fair Debt Collection Practices Act, such alleged violations being

expressly denied by Defendant, liability for any such alleged violations is barred by 15 U.S.C. § 1692k(c).

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred because upon information and belief, the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of said third parties. In the alternative, Plaintiff's claims are, or may be, barred because upon information and belief, the claimed injuries and damages were not proximately caused by any acts or omissions of Defendant MLA.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred because upon information and belief, Plaintiff did not sustain any damages as a proximate result of any wrongdoing by Defendant MLA.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred because upon information and belief, Plaintiff has failed properly to mitigate her damages.

## FIFTH AFFIRMATIVE DEFENSE

Defendant MLA is not liable for any actions of its agents or employees committed outside of the line and scope of their employment.

## SIXTH AFFIRMATIVE DEFENSE

Pleading further, Defendant MLA states that Plaintiff's cause of action under the FDCPA was brought in bad faith or for the purpose of harassment. As such, Defendant

MLA is entitled to its necessary and reasonable attorney's fees pursuant to FDCPA § 1692(k)(1) in an amount to be determined by the Court.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff recover nothing from her causes of action.  Defendant prays that it be awarded its reasonable attorney's fees and costs incurred in defending this action and such other and further relief, at law or in equity, to which Defendant may be duly entitled.

>Respectfully submitted,
>
>By: /s/William Frazier
>William S. Frazier, Esq.
>Marks & Frazier, LLC
>1919-8 Blanding Blvd.
>Jacksonville, FL  32210
>904. 384-1441
>
>Steven R. Dunn
>The Dunn Law Firm
>5420 LBJ Freeway
>Suite 577
>Dallas, Texas 75240
>214. 692.5533
>Fax 214. 692.5534
>
>**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following persons:

Alex D. Weisberg
5722 South Flamingo Road
Suite 656
Cooper City, FL 33330

>Steven R. Dunn
>Steven R. Dunn