UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:11-cv-1243-RDB-MCR

MICHELLE RATLIFF,

    Plaintiff,

v.

H & P CAPITAL, INC., and
MLA HOLDINGS, INC,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO COMPEL/ENFORCE SETTLEMENT**

    Plaintiff, Michelle Ratliff, by and through her attorneys, Weisberg & Meyers, LLC, hereby moves this honorable Court for entry of an Order enforcing the settlement reached between the parties in this matter. In support thereof, Plaintiff states as follows:

    1. On November 14, 2012, the parties reached a settlement in this matter. (*See* Settlement Agreement, attached hereto and labeled as Exhibit "A").

    2. "Compromises of disputed claims are favored by the courts." *Williams v. First Nat'l. Bank of Pauls Valley*, 216 US 582, 595 (1910); *Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir. 1982) ("There are weighty justifications, such as the reduction of litigation and related expenses, for the general policy favoring the settlement of litigation."); *Hallock v. State of New York*, 64 N.Y.2d 224, 230 (N.Y. 1984) ("Stipulations of settlement are favored by the courts and not lightly cast aside.").

    3. "Settlement agreements are in the nature of contracts." *Makins v. District of Columbia*, 277 F.3d 544, 546 (D.C. Cir. 2002). "Normally, if a party enters into a settlement agreement knowingly and voluntarily, the agreement is treated as a binding contract." *Arnold v.*

*United States*, 816 F.2d 1306, 1309 (9th Cir. 1987). Further, "[o]nce a settlement is reached, the agreement may not be repudiated by either party. Rather, such an agreement will be summarily enforced by the Court". *Omega Eng'g, Inc. v. Omega, SA,* 414 F. Supp. 2d 138, 148 (D. Conn. 2004).

4. District courts have inherent authority, deriving from their equity power, to enforce settlement agreements. *See Millner v. Norfolk & W. Ry. Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981).

5. Among the material terms of the above-referenced Settlement Agreement, the parties agreed that Defendants would pay Plaintiff a sum total of $14,000.00. (*See* Exhibit "A"). Defendants agreed to forward Plaintiff's Counsel, Weisberg & Meyers, LLC, payments of $1,000.00 on or before December 15, 2012 and again, on or before January 15, 2013 as payments to Michelle Ratliff. *Id.* The remainder of the settlements funds were agreed to be paid directly to the trust account of the law firm of Weisberg & Meyers in monthly installments of $1,000.00 beginning February 13, 2013 until paid in full. *Id.*

6. On December 26, 2012, Plaintiff's Counsel sent Counsel for Defendants an email requesting payment per the Settlement Agreement, which was past-due. (*See* Email Correspondence dated December 26, 2012, attached hereto and labeled as Exhibit "B").

7. To date, Defendants have failed to produce the funds to be paid per the Settlement Agreement.

8. Defendants have no good faith basis for withholding the agreed-upon settlement funds.

9. Plaintiff has been greatly prejudiced by the undue delay and by Defendants' refusal to comply with the Settlement Agreement.

WHEREFORE, Plaintiff prays this Court enter an Order compelling Defendants, H&P Capital, Inc. and MLA Holdings, Inc., to fully comply with the terms of the agreed-upon settlement within ten (10) days.

    Respectfully submitted,
    **MICHELLE RATLIFF**

    By: s/ Alex Weisberg
    ALEX D. WEISBERG
    FBN: 0566551
    WEISBERG & MEYERS, LLC
    ATTORNEYS FOR PLAINTIFF
    5722 S. Flamingo Road, # 656
    Cooper City, FL 33330
    (954) 212-2184
    (866) 577-0963 fax
    aweisberg@attorneysforconsumers.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT this Motion was filed on this 17th day of January, 2013, by means of the CM/ECF system, which will send notice thereof to all recipients of the CM/ECF service list in this matter.

    By: s/ Alex D. Weisberg
    ALEX D. WEISBERG

## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY THAT I have made reasonable efforts to confer with Defendants in an effort to resolve the issues presented in this Motion, but have been unable to do so.

    By: s/ Alex D. Weisberg
    ALEX D. WEISBERG