UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHELLE RATLIFF,

       Plaintiff,

vs.                                                    Case No.  3:11-cv-1243-J-37MCR

H & P CAPITAL, INC. and MLA HOLDINGS,
INC.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel/Enforce

Settlement (Doc. 70) filed January 17, 2013.  Judge Dalton asked the undersigned to

conduct a hearing and to enter a report and recommendation.  Accordingly, on February

21, 2013, the undersigned conducted a hearing, at which all parties were represented.

Accordingly, the matter is now ripe for judicial review.

## I.  BACKGROUND

On December 19, 2011, Plaintiff filed a complaint against Defendants alleging

violations of the Fair Debt Collection Practices Act and the Florida Consumer Collection

Practices Act.  (Doc. 1).  On November 15, 2012, the parties participated in a mediation

conference and were able to reach an agreement to settle the dispute.  In the

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

settlement agreement signed by all parties, Defendants agreed to pay Plaintiff $2,000.00 and her attorney $12,000.00, for a sum total of $14,000.00.  Defendant, H&P Capital, Inc. ("H&P"), was to forward  payments of $1,000.00 for Plaintiff on or before December 15, 2012 and again on or before January 15, 2013.  The remainder of the settlement was to be paid to Plaintiff's counsel in $1,000.00 monthly installments beginning February 13, 2013 and continuing until paid in full.

On January 17, 2013, Plaintiff filed a Motion to Compel Settlement and noted that Defendants failed to make any of the payments directed in the settlement agreement. (Doc. 52).  Counsel for Defendants responded that Defendant, H&P has been experiencing financial difficulties such that it is attempting to restructure its business operations and obtain third party assistance to enable it to continue its operations. (Doc. 56).  Nevertheless, counsel for Defendants stated H&P recognized its obligations to fulfill its requirements set forth in the Settlement Agreement.  Id.

During the hearing, counsel for Defendants confirmed that due to its financial condition, Defendant H&P would not be able to pay the sums agreed to in the settlement agreement.  Counsel for Defendants agreed that the settlement agreement should be enforced.  Counsel for Plaintiff argued that the Court should require Defendant MLA to pay the sums agreed in the settlement agreement.  Counsel for Defendants responded that the settlement agreement was explicit that only H&P was responsible for making payments and that pursuant to the agreement, in the case of default, Plaintiff's only recourse was to obtain a judgment against H&P for the balance owed.

## II.  ANALYSIS

After the parties reached settlement and Defendant failed to make the required payments, Plaintiff had two choices.  She could accept the settlement agreement as it was drafted, have the instant matter dismissed, and then seek to enforce the agreement or she could seek to set aside the agreement and continue the current litigation.  By filing the instant Motion to Compel/Enforce Settlement, Plaintiff appears to have chosen the first option.

"The Court has jurisdiction to enforce a settlement agreement when one party refuses to abide by the agreement prior to dismissal of the action." BP Products N. America, Inc. v. Oakridge at Winegard, Inc., 469 F. Supp. 2d 1128, 1143 (M.D. Fla. 2007) (citing Kent v. Baker, 815 F.2d 1395 (11th Cir. 1987) (court had jurisdiction to enforce settlement agreement where breach was claimed prior to dismissal of the action) and Skrtich v. Thornton, No. 3:99-cv-742, 2003 WL 24845555 (M.D. Fla. 2003)).

The Court must look to Florida law in deciding whether the parties reached an enforceable agreement.  Id. (citing Londono v. City of Gainesville, 768 F.2d 1223, 1227 (11th Cir. 1985)).  In Florida, courts favor settlement agreements "as an efficient way to settle disputes and as a means to conserve judicial resources" and will enforce them whenever possible.  Id. (citing Long Term Mgmt. Inc. v. Univ. Nursing Care Center, Inc., 704 So.2d 669, 673 (Fla. 1st DCA 1997)).

Settlement agreements are governed and interpreted by contract law.  Catz v. Alternative Home Financing, Inc., No. 2:04-cv-356, 2008 WL 878929 at *2 (M.D. Fla. Mar. 27, 2008) (citing Commercial Capital Resources, LLC v. Giovannetti, 955 So.2d

1151 (Fla. 3rd DCA 2007)).  The essential terms of the settlement agreement must be specific and mutually agreeable.  Id. (citing Barone v. Rogers, 930 So.2d 761, 764 (Fla. 4th DCA 2006).  Finally, an evidentiary hearing is required only in situations where the existence or the terms of the settlement agreement are in dispute.  Id. (citing Skrtich, 2003 WL 24845555 and Giovannetti, 955 So.2d at 1153).

In the instant case, there is no dispute regarding either the existence or the terms of the agreement.  Both parties agree that a binding settlement agreement was entered as memorialized by the settlement agreement attached to Plaintiff's Motion to Compel/Enforce Settlement (Doc. 52).  Further, the essential terms of the agreement are specific and obviously mutually agreeable as all parties signed the settlement agreement.  The essential terms provide that H&P will issue a series of checks to Plaintiff and her attorney.  If payment was not made, H&P agreed to have a judgment entered against it in the amount of the unpaid balance.  In exchange, Plaintiff agreed to dismiss the case with prejudice.

Now, Plaintiff asks the Court to go beyond the settlement agreement and enter judgment against both Defendants.  The settlement agreement does not agree to judgment being entered against MLA.  Instead, it expressly provides that judgment may be entered, in the event of default, against H&P only.  As H&P has defaulted, the undersigned believes it would be appropriate to enter judgment against H&P at this time.

Accordingly, after due consideration, it is respectfully

**RECOMMENDED**:

-4-

Plaintiff's Motion to Compel/Enforce Settlement Agreement (Doc. 52) be

**GRANTED** and the case be dismissed with prejudice.  Judgment should be entered

against Defendant H&P in the amount of $14,000.00 payable as directed in the

settlement agreement.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this ___28th___ day of

February, 2013.

_____

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Roy B. Dalton, Jr.,
United States District Judge

Counsel of Record