UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHELLE RATLIFF,

    Plaintiff,

vs.                              Case No. 3:11-cv-1243-J-37MCR

H & P CAPITAL, INC.; CONTINENTAL
FINANCE COMPANY, LLC; and MLA
HOLDINGS, INC.,

    Defendants.

## ORDER

This cause is before the Court on the following:

1. Joint Stipulation for Voluntary Dismissal with Prejudice of Defendant Continental Finance Company, LLC Only (Doc. 27), filed June 18, 2012;

2. Plaintiff's Motion to Compel/Enforce Settlement (Doc. 52), filed January 17, 2013;

3. Defendants MLA Holdings, Inc.'s and H&P Capital, Inc.'s Response to Motion to Compel/Enforce Settlement and Unopposed Motion to Continue Hearing (Doc. 56), filed February 1, 2013; and

4. Magistrate Judge Monte C. Richardson's Report and Recommendation (Doc. 59), filed February 28, 2013.

Plaintiff brought suit against Defendants, alleging violations of the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act. (Doc. 26.) On June 28, 2012, Plaintiff and Defendant Continental Finance Company, LLC ("CFC")

filed a joint stipulation of dismissal with prejudice as to the claims against CFC. (Doc. 27.) On November 14, 2012, Plaintiff and Defendants H & P Capital, Inc. ("H&P") and MLA Holdings, Inc. ("MLA") entered into a settlement agreement. (Doc. 52-1.) The agreement requires H & P to pay Plaintiff $14,000. (*Id.*) MLA was a party to the settlement agreement, but was not required to pay. (*Id.*)

On January 17, 2013, Plaintiff filed a motion to enforce the settlement agreement, arguing that H&P had not timely produced the settlement payments and asking the Court to compel compliance with the agreement. (Doc. 52.) Defendants responded, noting that H&P was experiencing financial difficulties and requesting a hearing. (Doc. 56.) On February 21, 2013, Magistrate Judge Monte C. Richardson held a hearing on the matter. (Doc. 58.)

On February 28, 2013, Magistrate Judge Richardson recommended that judgment be entered against H&P in the amount of $14,000, as provided by the settlement agreement. (Doc. 59, p. 5.) Magistrate Judge Richardson recommended that judgment not be entered against MLA, as the settlement agreement provides that judgment may be entered only against H&P in the case of default. (*Id.* at 4.)

After an independent review of the record in this matter, and noting that no objections were timely filed, the Court agrees with the findings of fact and conclusions of law in the Report and Recommendation (Doc. 59) to the extent that judgment should be entered against H&P.[1]

---

[1] The Court notes that Plaintiff's motion asked the Court to compel not only H&P to comply with the settlement agreement, but also MLA, in contravention of the agreement's terms requiring only H&P to pay Plaintiff. (Doc. 52, p. 3.) Magistrate Judge Richardson recommended the Court compel only H&P. (Doc. 59, p. 4.) However, in the decree portion of the Report and Recommendation, he also recommended granting the motion in its entirety. (*Id.* at 5). The Court hereby compels only H&P to comply.

2

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Magistrate Judge Monte C. Richardson's Report and Recommendation (Doc. 59) is **MODIFIED** to reflect that Plaintiff's motion (Doc. 52) is granted in part only as to compliance by H&P and denied in part as to MLA. In all other respects, the Report and Recommendation is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Plaintiff's Motion to Compel/Enforce Settlement (Doc. 52) is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted to the extent that it requests that the Court compel compliance by H&P and denied in part as to MLA.

3. All claims against MLA are **DISMISSED WITH PREJUDICE**.

4. The Clerk is **DIRECTED** to enter final judgment[2] in substantially the following form:

    > This action was before U.S. District Judge Roy B. Dalton, Jr. on Motion to Compel/Enforce Settlement and the following decision was reached:
    >
    > It is ordered that Defendant H & P Capital, Inc. shall pay Plaintiff Michelle Ratliff in the amount of $14,000.00, to accrue at the applicable statutory interest rate, for which sums let execution issue.

5. The Clerk is further **DIRECTED** to close this case.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on March 19, 2013.

---

[2] The Court declines to reserve jurisdiction to enforce payment.

3

                                                                         ROY B. DALTON JR.
                                                                         United States District Judge

Copies:

Counsel of Record

The Honorable Monte C. Richardson